IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JERRY ASKEW                                                                                                                PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:16-cv-00129-GHD-DAS

CROWN MANAGEMENT, LLC                                                             DEFENDANT

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Presently before the Court is Defendant Crown Management, LLC's motion to dismiss for failure to state a claim or to dismiss for lack of jurisdiction [6]. Upon due consideration, the Court finds that the motion should be granted.

### *I.*    *Factual and Procedural Background*

On July 20, 2016, Plaintiff Jerry Askew ("Plaintiff") filed this action against Defendant Crown Management, LLC ("Defendant"), alleging a federal claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, as well as state-law claims for unfair or deceptive and/or unconscionable trade practices, fraud/fraudulent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, malicious abuse of process, and defamation. In support of these claims, Plaintiff alleges that Defendant is a collection agency and assignee of a debt charged on a Synchrony Bank credit card, which was apparently a Lowe's business credit account. Plaintiff further alleges that Defendant has "harassed, coerced, and otherwise used intimidating tactics" to "force" Plaintiff to pay the debt, which Plaintiff claims he does not owe. Pl.'s Compl. [1] ¶ IV(3). These alleged tactics include but "[are] not limited to" the following: threatening to notify various credit bureaus of the debt and report it as a debt Plaintiff failed to pay; threatening to file suit against Plaintiff; threatening to garnish Plaintiff's wages or otherwise execute judgment on his property; "[m]aliciously and

without merit" filing suit against Plaintiff in the County Court of Lowndes County, Mississippi; and requiring Plaintiff to appear and defend "such frivolous suit." *Id.* Plaintiff seeks statutory damages under the FDCPA; compensatory damages for mental and emotional distress, as well as humiliation and embarrassment, punitive damages, treble damages, attorney's fees, and costs.

On October 6, 2016, in lieu of filling an answer, Defendant filed the present motion to dismiss [6] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response, and Defendant filed a reply. The matter is now ripe for review.

## II. *Federal Rule of Civil Procedure 12(b)(6)*

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "[A plaintiff's] complaint . . . 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[A plaintiff] must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots*

*Ass'n*, 987 F.2d 278, 284 (5th Cir.1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### *III.  Federal Rule of Civil Procedure 12(d)*

Defendant attaches to its motion to dismiss a copy of the Lowe's business credit card account statement and account agreement made the subject of this case, as well as the allegedly pertinent documents evincing assignment from Synchrony Bank to Defendant and Defendant's state-court complaint against Plaintiff. Defendant maintains that the Court may consider these documents with its Rule 12(b)(6) motion for the following reasons: Plaintiff's complaint makes references to these attachments; the attachments are central to Plaintiff's claim; and the documents are public records of which the Court may take judicial notice. Plaintiff makes no argument to the contrary in his response.

"If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Therefore, "[o]n a Rule 12(b)(6) motion, a district court generally 'must limit itself to the contents of the pleadings, including attachments thereto.' " *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

However, "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.* (citing *Collins*, 224 F.3d at 498). The Court finds that it

can properly consider these attachments together with the motion to dismiss. The attachments contain information central to Plaintiff's claims against Defendant. Furthermore, the attachments are matters of public record, as the same were filed in the County Court of Lowndes County in the state-court action styled *Crown Asset Management v. Jerry Askew*, Civil Action No. 2015-325-CV2. *See* State-Ct. Compl. with Exhs. [6-1 to 6-3]. Furthermore, in Plaintiff's response, he refers to the attachments; he references the state-court action by Defendant against him, *see* Pl.'s Mem. Br. Supp. Resp. Opp'n to Def.'s Mot. Dismiss [14] at 1, 2; the Lowe's business credit card account statement, *see id.* at 6; and Defendant's acquisition of the debt at issue, *id.* For all of the foregoing reasons, the Court will consider the attachments in ruling on the present motion to dismiss. Therefore, the Court need not, and does not, convert the motion to dismiss to a motion for summary judgment.

## IV. Analysis and Discussion

Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(6) on the following grounds: **(A)** Plaintiff's FDCPA claim fails, because Plaintiff fails to allege that Defendant was a "debt collector" who sought to pursue "consumer debt" under the statute; **(B)** the Court should decline to exercise 28 U.S.C. § 1367(c) supplemental jurisdiction over the state-law claims, because the claims can be brought in the pending state-court action; and **(C)** even if the Court exercises supplemental jurisdiction over the pendent state-law claims, those claims are not viable. The Court finds that the first two arguments are well taken and render unnecessary the consideration of the third.

### (A) FDCPA Claim

First, Defendant argues that Plaintiff fails to state a FDCPA claim. "Responding to reports of abusive practices by third-party collectors of consumer debts, Congress enacted the

4

FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Sheriff v. Gillie*, — U.S. —, —, 136 S. Ct. 1594, 1598, 194 L. Ed. 2d 625 (2016) § 1692(e). "To that end, the [FDCPA] imposes various procedural and substantive obligations on debt collectors." *Id. See, e.g.*, 15 U.S.C. § 1692d (prohibiting harassing, oppressive, or abusive conduct); *id.* § 1692e (barring "false, deceptive, or misleading representation[s] . . . in connection with the collection of any debt"); *id.* § 1692g(a) (setting out requirements for the contents of initial notices to consumers). "The FDCPA's private-enforcement provision, § 1692k, authorizes any aggrieved person to recover damages from 'any debt collector who fails to comply with any provision' of the FDCPA." *Marx v. Gen. Revenue Corp.*, — U.S. —, —, 133 S. Ct. 1166, 1171 n.1, 185 L. Ed. 2d 242 (2013) (quoting 15 U.S.C. § 1692k(a)).

"To state a claim under the FDCPA, Plaintiff must show (1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA." *Douglas v. Select Portfolio Servicing, Inc.*, No. CIV.A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015), *cited in Hall v. Phenix Investigations, Inc.*, 642 F. App'x 402, 405 (5th Cir. 2016) (per curiam). In the case *sub judice*, Defendant argues that Plaintiff fails to allege two key elements of his claim, namely, that Defendant is a "debt collector" under the FDCPA and that Defendant sought to collect from him a "consumer debt" triggering the FDCPA's protections. As demonstrated in the analysis below, although Plaintiff may allege that Defendant is a "debt collector," Plaintiff fails to allege that the debt at issue is a "consumer debt."

Therefore, for the reasons set forth in detail below, his FDCPA claim fails.

### 1. "Debt Collector"

Defendant argues that the FDCPA claim fails, because Defendant is a creditor, not a debt collector regulated by the FDCPA. "Primarily governing 'debt collector[s],' the [FDCPA] defines that term to include 'any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another.'" *Sheriff*, 136 S. Ct. at 1598 (quoting 15 U.S.C. § 1692a(6). "[T]he FDCPA distinguishes between 'creditors' and 'debt collectors.'" *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013) (citing 15 U.S.C. § 1692a(4) (creditors); 15 U.S.C. § 1692a(6) (debt collectors)).

Defendant argues it is exempted from the definition of "debt collector" under the FDCPA, because it is a creditor whose principal purpose is account acquisition, not collection. Defendant further argues that it does not make collections efforts on its own behalf but contracts with third parties who actually collect the accounts when necessary, such as the law firm that filed the state-court action against Plaintiff. Defendant maintains that Plaintiff has failed to allege facts supporting its conclusory allegations that Defendant's principal purpose is to collect debts or that it regularly collects or attempts to collect debts asserted to be owed or due another. Defendant also maintains that the fact that the debt may have been charged-off at the time of acquisition does not alter this conclusion. Finally, Defendant maintains that acquisition of a defaulted debt does not make the purchaser a debt collector, but rather makes the entity ineligible for the 15 U.S.C. § 1692a(6)(F) exclusion.

The crux of Plaintiff's argument in response is that courts have held that a company purchasing debts already in default at the time of purchase is a debt collector.

6

In his complaint, Plaintiff alleges that Defendant is "a corporation whose principal purpose of business is the collection of debts," that Defendant "operat[es] a debt collection agency organized at [its] principal place of business in Georgia" and "regularly collects or attempts to collect debts owed or assigned, allegedly owed to another." Plaintiff avers that Defendant "is a 'debt collector' as defined by 15 U.S.C. [§] 1692a(6)." Pl's Compl. [1] ¶ III. Plaintiff further alleges that Defendant is an assignee of the debt on the Synchrony Bank credit card, that Defendant attempted to collect the debt owed on the Synchrony Bank credit card, that Plaintiff informed Defendant that he did not owe the debt, and that Defendant then served Plaintiff with process of the summons and complaint in the state-court action to collect for the purchases and charges made to the credit card. *Id.* ¶ IV(1). Apparently, the parties do not dispute that the debt was in default at the time it was assigned to Defendant. Plaintiff alleges *inter alia* that Defendant threatened to notify credit bureaus of the debt, threatened to file suit against Plaintiff, threatened to garnish Plaintiff's wages or otherwise execute judgment on his property. *Id.* ¶ 3. Finally, in this respect, Plaintiff alleges that Defendant's alleged mistreatment of Plaintiff "occurr[ed] in the regular course of [Defendant's] debt collection business[,] whereby [Defendant] treated Plaintiff in the same general manner as [Defendant] treat[s] other consumers who are the object of [its] collection efforts." *Id.* ¶ IV(6).

Plaintiff therefore alleges that Defendant is a "debt collector" which regularly tries to obtain payment of debts, including the debt at issue in this case, which Defendant eventually attempted to collect through legal proceedings in state court. *See Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995). However, as demonstrated below, because Plaintiff fails to allege the debt at issue is "consumer debt," he fails to state a FDCPA claim.

## 2. "Consumer Debt"

Defendant further argues that the FDCPA claim fails, because Plaintiff's complaint fails to allege the type of debt sought to be collected and omits any statements about the type or nature of transactions generating the Lowe's business credit account. Defendant further argues that the attachments to its motion support that the debt was a business debt not covered by the FDCPA. Defendant cites in support the state-court complaint, which references a business debt, and the credit account statement indicating that the charge card was a Lowe's Business Card account issued to the entity "Pleasant Grove Pools M.B." Defendant further maintains that the attached Lowe's Business Revolving Credit Account Agreement explains the terms of contract forming the basis for the state-court action. Finally, Defendant maintains that neither Plaintiff's complaint nor his response contains facts showing the account was primarily incurred for personal, family, or household purposes.

Plaintiff argues in response that the fact that the debt was incurred on a business credit account does not necessarily mean that the debt was not a consumer debt. Plaintiff states that if the business account was used to purchase personal items, the FDCPA may apply to the collection of the debt. Plaintiff further states that he alleges in his complaint that he is a consumer for purposes of the FDCPA and argues in support that (1) no allegations in his complaint state that the charges on the business account were for business purposes and not for personal, family, or household purposes; and (2) the business credit account statement attached to Defendant's motion to dismiss does not show any charges that were not for personal, family, or household purposes. Finally, Plaintiff maintains that in the state-court action Defendant sued Plaintiff individually and did not name as a defendant Pleasant Grove Pools.

"Only financial obligations incurred for purchases 'primarily for personal, family, or

household purposes' qualify as consumer 'debt' subject to the rules and regulations of the FDCPA." *Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 275 (5th Cir. 2014) (per curiam) (quoting 15 U.S.C. § 1692a(5)). "When determining the type of debt at issue for the purposes of the FDCPA, courts focus on the precise transaction for which the loan proceeds were used, not the purpose for which an account was opened or the label of the ongoing obligation." *Id.* at 275–76; *see Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000). "Focusing on the nature of the purchase or transaction comports with the FDCPA's intent to regulate 'debt collection tactics employed against personal borrowers,' who, unlike commercial borrowers, are more likely to fall 'prey to unscrupulous collection methods.'" *Id.* (citing *Miller*, 214 F.3d at 875) (emphasis in original).

In examining the attached Lowe's business credit card account statement in light of the foregoing case law, the Court finds that the statement does not indicate the type of debt at issue, merely that the charges were incurred on a business credit account. Plaintiff alleges in his complaint that he is a " 'consumer' as defined by 15 U.S.C. [§§] 1692a(3) and 1693." Pl.'s Compl. [1] ¶ III. He does not describe the debt at issue, except to say that Defendant alleged in the state-court action that Plaintiff "made purchases and charges to a Synchrony Bank charge card . . . ." *Id.* ¶ III(1). Simply alleging that the debt is a consumer debt subject to the FDCPA does not render an otherwise commercial debt a consumer debt within the purview of the FDCPA. *See Hall*, 642 F. App'x at 406 (citing *Goldman v. Cohen*, 445 F.3d 152, 154 n.1 (2d Cir. 2006)). Plaintiff argues in his response that the debt at issue was incurred for family, personal, or household use, but does not allege this in his complaint; instead, his complaint merely contains a "threadbare recital of a cause of action that cannot survive the motion to dismiss." *See Garcia*, 569 F. App'x at 276 (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). This

Court has before it no factual support for the conclusory allegation that the debt at issue was a consumer debt within the purview of the FDCPA. Similar to the complaint reviewed in *Garcia*, the complaint in the case *sub judice* "describes [Defendant's] attempt to collect the debt[,] but the original transaction is not described." *See id.* Also similar to *Garcia*, Plaintiff "give[s] no indication what item was purchased or what service was paid for, much less explain[s] how the item or service was intended for personal or family use." *See id.*

Based on all of the foregoing, the Court concludes that Plaintiff has failed to allege a key element of his FDCPA claim, that the debt at issue in this case was a "consumer debt" within the purview of the FDCPA. Therefore, his FDCPA claim fails.

### (B) Remaining State-Law Claims

As stated above, Plaintiff's federal claim, the FDCPA claim, must be dismissed. Therefore, only his state-law claims remain. " 'District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over . . . state claim[s] once all federal claims are dismissed.' " *Alexander v. State of Mississippi*, 655 F. App'x 989, 993 (5th Cir. 2016) (per curiam) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).

Factors to consider in the determination of whether to exercise supplemental jurisdiction include the statutory factors set forth in 28 U.S.C. § 1367, as well as "common law factors of judicial economy, convenience, fairness, and comity." *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) (per curiam) (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009)). However, the " 'general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.' " *United States of Am., ex rel., Jackson v. Univ. of N. Tex.*, No. 16-40332, 2016 WL 7209715, at *3 (5th Cir. Dec. 12, 2016) (per curiam) (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585

(5th Cir. 2007)). "The dismissal of all federal claims provides 'a powerful reason to choose not to continue to exercise jurisdiction.'" *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 201 (5th Cir. 2015) (per curiam) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

The Court concludes that it should follow the general rule in this case. "Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it 'has dismissed all claims over which it has original jurisdiction.'" *Heggemeier v. Caldwell County, Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting statute). In the case *sub judice*, the Court has dismissed all federal claims and thus may decline to exercise supplemental jurisdiction based on 28 U.S.C. § 1367(c)(3).

Defendant maintains that no prejudice would result to Plaintiff by the dismissal of these claims in this Court, because the claims could be raised in the pending state-court litigation. Defendant further maintains that "[t]he factual issues raised by Plaintiff . . . would be better served as defenses to the state-court collections action." Def.'s Mem. Br. Supp. Mot. Dismiss [7] at 13. Plaintiff makes no argument to the contrary, and the Court finds Defendant's arguments to be well taken. For all of the foregoing reasons, the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims, and will therefore not engage in an analysis of the merits of Plaintiff's state-law claims. Accordingly, Plaintiff's state-law claims are dismissed without prejudice to refiling in state court. *See Terry v. Inocencio*, 633 F. App'x 281, 282 (5th Cir. 2016) (per curiam) (citing *Enochs v. Lampasas County, Tex.*, 641 F.3d 155, 161 (5th Cir. 2011)). Plaintiff may raise his claims as counterclaims in the state-court proceeding.

11

## V. Conclusion

In sum, the Court finds that Defendant Crown Management, LLC's motion to dismiss for failure to state a claim or to dismiss for lack of jurisdiction [6] shall be GRANTED. Plaintiff Jerry Askew has failed to state a viable federal claim. Furthermore, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims, which are closely related to the litigation currently pending in the County Court of Lowndes County, Mississippi and can be raised in state court by an appropriately filed counterclaim. This Court acknowledges that this may result in removal of the case to the Circuit Court of Lowndes County. Furthermore, Plaintiff Jerry Askew's claims are DISMISSED WITHOUT PREJUDICE, and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 27th of April, 2017.

/s/ Sharion H. Davidson
SENIOR U.S. DISTRICT JUDGE